UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEMENT MOSSERI,<br><br>      Plaintiff,<br><br>-against-<br><br>WOODSTOCK HOUSING DEVELOPMENT FUND-CORPORATION, AKA WOODSTOCK HOTEL; GLAVES HOUSE L.P.; ELIZABETH CUNNINGHAM; DAVID GILLCRIST; FIND AID FOR THE AGED, INC.; PAUL SAWYIER; THE CITY OF NEW YORK; THE UNITED STATES OF AMERCIA,<br><br>      Defendants. | 18-CV-9431 (VSB)<br><br>ORDER OF SERVICE |

<u>VERNON S. BRODERICK</u>, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 18 U.S.C. § 241. He seeks monetary damages. He sues his current landlord (Woodstock Housing Development Fund-Corporation), Woodstock's managing agent (Glaves House L.P.), Woodstock's property manager (Elizabeth Cunningham), the executive director of Find Aid for the Aged, Inc. (David Gillcrist), Find Aid itself, an employee of the New York City Department of Housing Preservation & Development ("HPD") (Paul Sawyier), the City of New York, and the United States of America.[1] By order dated May 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the following reasons, the Court dismisses Plaintiff's claims against the United States of America, the United States Department of Justice ("DOJ"), and the United States Attorney's Office for the Southern District of New York ("U.S. Attorney's Office"), and also dismisses his

---

[1] Plaintiff lists the "U.S. Attorney's Office – Southern District of New York, U.S. Department of Justice" as an additional defendant in the complaint's text, but not in its caption. (Doc. 2, at 2.)

claims in which he seeks the criminal prosecution of any of the defendants. The Court directs service on Woodstock, Glaves, Cunningham, Gillcrist, Find Aid, Sawyier, and the City of New York.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     Sovereign immunity**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, such as DOJ and the U.S. Attorney's Office, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court must dismiss Plaintiff's claims against the United States of America, DOJ, and the U.S. Attorney's Office as

frivolous because these claims are barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *see Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))). Because Plaintiff may be asserting claims against these defendants under the Federal Tort Claims Act ("FTCA") and the Administrative Procedure Act ("APA") – which both waive the Government's sovereign immunity in limited circumstances – the Court will discuss why those claims fail.

1. FTCA

The FTCA, codified at 28 U.S.C. §§ 1346(b), 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *See id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The proper defendant for an FTCA claim is the United States of America. *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

If Plaintiff is asserting FTCA claims, he has failed to allege facts demonstrating that he has filed an administrative claim under the FTCA with a federal government entity for monetary damages and has subsequently received a final written determination before bringing this action; he has also failed to allege facts showing that it has been more than six months since he has filed such an administrative claim. Accordingly, to the extent that Plaintiff is asserting FTCA claims, the Court dismisses those claims as frivolous under the doctrine of sovereign immunity due to Plaintiff's failure to exhaust administrative remedies. *See* § 1915(e)(2)(B)(i), (iii); *Montero*, 171 F.3d at 760.

2. APA

The APA is a limited waiver of sovereign immunity, allowing for judicial review of the final administrative action of a *federal* agency; it does not allow for monetary damages. *See* 5 U.S.C. §§ 702, 704; *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140-41 (2d Cir. 2010). Under the APA, a plaintiff may ask a federal court to hold that a final federal agency action is unlawful or otherwise incorrect – the court can (1) "compel agency action unlawfully withheld or unreasonably delayed[,]" and (2) set aside the agency's action, findings, and conclusions if the court finds them to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to [5 U.S.C. §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2). The proper defendant for an APA claim is either the United States of America, the agency whose action is being challenged, or the appropriate federal officer. 5 U.S.C. § 703.

If Plaintiff is asserting APA claims, he cannot seek monetary relief for those claims. He also alleges no facts showing that he is challenging a final administrative action of any federal agency, including DOJ or the U.S. Attorney's Office. Accordingly, to the extent that Plaintiff asserts APA claims, the Court dismisses them as frivolous under the doctrine of sovereign immunity. *See* § 1915(e)(2)(B)(i), (iii); *Montero*, 171 F.3d at 760.

**B.    Private prosecution**

To the extent that Plaintiff seeks to have any of the defendants criminally prosecuted under 18 U.S.C. § 241, or under any other federal criminal statute, the Court must dismiss those claims. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which he seeks to criminally prosecute any of the defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Service on the remaining defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil

Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Woodstock, Glaves, Cunningham, Gillcrist, Find Aid, Sawyier, and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the United States of America, the United States Department of Justice, and the United States Attorney's Office for the Southern District of New York. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court also dismisses Plaintiff's claims in which he seeks the criminal prosecution of any of the defendants. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to complete the USM-285 forms with the addresses for Woodstock Housing Development Fund-Corporation, Glaves House L.P., Elizabeth

6

Cunningham, David Gillcrist, Find Aid for the Aged, Inc., Paul Sawyier, and the City of New York, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court further directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 28, 2019
       New York, New York

_____
Vernon S. Broderick
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Woodstock Housing Development Fund-Corporation, also known as Woodstock Hotel
   127 West 43rd Street
   New York, New York 10036

2. Glaves House L.P.
   c/o Woodstock Hotel
   127 West 43rd Street
   New York, New York 10036

3. Elizabeth Cunningham
   c/o Woodstock Hotel
   127 West 43rd Street
   New York, New York 10036

4. David Gillcrist
   c/o Find Aid for the Aged, Inc.
   160 West 71st Street, 2F
   New York, New York 10023

5. Find Aid for the Aged, Inc., also known as Project Find
   160 West 71st Street, 2F
   New York, New York 10023

6. Paul Sawyier
   Project Manager, Initial Subsidies Unit
   New York City Department of Housing Preservation & Development
   100 Gold Street
   New York, New York 10038

7. The City of New York
   Law Department
   100 Church Street
   New York, New York 10007